COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          Jorge Montalvo v. The State of Texas

Appellate case number:    01-20-00109-CR

Trial court case number:   1526956

Trial court:                         174th District Court of Harris County

Without an agreed punishment recommendation, appellant, Jorge Montalvo, pleaded guilty to the felony offense of murder. The trial court found Montalvo guilty and accessed his punishment at confinement for forty years. The trial court signed a certification of appellant's right to appeal, stating Montalvo "has waived the right of appeal." Despite the waiver, Montalvo timely filed a notice of appeal.

During the punishment phase of his trial, Montalvo notified the trial court that he wished to withdraw his guilty plea, stating that he "felt pressured to plead guilty when in fact he was not guilty." The trial court informed Montalvo that he would not be allowed to withdraw his plea of guilty. However, the trial court further stated the following:

> *If you would like to appeal after this, you can do everything you need to do to effect an appeal,* but we're not going to go backwards when I went thoroughly through all of your admonishments and asked you specifically if you were entering to this plea, and not one second did I get any indication that you did not want to enter a plea of guilty. So we're not going to go backwards. We can go forward, and you can appeal anything that happens from this hearing. And if you're successful, then whatever the Court says in the higher Court will be followed. So at this point we're moving forward. You'll have an opportunity to appeal if you like.

2 R.R. at 73 (emphasis added).

Montalvo filed a motion to abate this appeal, requesting that we direct the trial court to hold a hearing to determine whether the certification, stating that Montalvo has waived his right of appeal, is accurate. Because of the contradiction between the certification and the record, on July 14, 2020, we abated the appeal and remanded the case to the trial court to conduct a hearing to clarify Montalvo's right of appeal and, if necessary, execute an

amended certification of appellant's right to appeal. The trial court clerk was directed to file a supplemental clerk's record containing the amended certification of appellant's right to appeal, if any, along with any other findings, recommendations, and orders of the trial court within thirty days of this Court's July 14, 2020 order abating the case.

On August 4, 2020, the trial court notified this Court that the hearing ordered in our July 14, 2020 order had not yet occurred due to the Texas Department of Criminal Justice's inability to conduct video conference hearings, and limited ability to transfer inmates for in person hearings because of the COVID-19 pandemic. In that notice, the trial court represented that it expected the hearing ordered in our July 14, 2020 order could be completed by September 28, 2020. However, more than nine months after that date, the record does not reflect that the hearing ordered by this Court's July 14, 2020 order has taken place.

Accordingly, **we direct the trial court to hold the hearing ordered in our July 14, 2020 order within fifteen days of the date of this order**. The trial court clerk is further directed to file a supplemental clerk's record as required by our July 14, 2020 order within ten days of the date of the hearing. The court reporter is directed to file the reporter's record as required by our July 14, 2020 order within ten days of the date of the hearing.

It is so ORDERED.


Judge's signature: _____/s/ April Farris_____
              ☑ Acting individually    ☐ Acting for the Court

Date: ___July 13, 2021_____